# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

GRACIE LYNN ARNOLD                                    PLAINTIFF

v.                           No. 4:12-cv-447-DPM

CAROLYN W. COLVIN, Commissioner,
Social Security Administration                       DEFENDANT

## ORDER

Arnold sought disability insurance benefits and supplemental security income. She last worked as a housekeeper at a La Quinta Inn. She maintains that pain and swelling in her knees prevent her from working. The Commissioner's ALJ identified a remote knee surgery and osteoarthritis of the knees as severe impairments. He determined Arnold could do light work that didn't require frequent crouching. Because a vocational expert identified jobs Arnold could do—including her past work as a hotel housekeeper—the ALJ denied Arnold's application, her third. Arnold appeals. The fighting issue is whether substantial evidence supports the Commissioner's denial. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000).

Arnold maintains her knees prevent her from working, but medical evidence does not support her claim. In Arnold's most recent medical exam, the doctor found tenderness, slight swelling, and crunching in the right knee,

and crunching in the left knee. Knee pain prevented Arnold from squatting or rising from a squatting position. The doctor opined that Arnold had a mild to moderate limitation in walking and standing. Arnold's most recent radiographic imaging showed mild degenerative changes in the inner compartment of both knees. Degenerative changes often cause pain, but the characterization of Arnold's changes as "mild" does not suggest disabling pain. This evidence adequately supports the ALJ's conclusion that Arnold could do light work not requiring frequent crouching. *Prosch*, 201 F.3d at 1012.

The ALJ relied on Arnold's daily activities in discounting the credibility of her claim of disabling pain. Arnold challenges this reliance. The ALJ, however, also considered Arnold's medical records, her level of care (over-the-counter pain relievers, tonic water, and leg elevation) and her testimony that her disabled husband did the cooking, cleaning, and shopping. A reasonable mind would accept all this evidence as adequate to show Arnold over-stated her pain. *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001). Arnold also argues, in passing, that the ALJ disregarded her treating physician's opinion that she must elevate her right leg four times daily. No

error occurred. This one-time instruction did not establish a non-exertional impairment. Medical recommendations also included physical therapy and weight loss. Arnold reported less pain with physical therapy. Her last treatment record reflected weight gain. And there was no recommendation for the left leg. The Court affirms the decision denying Arnold's application.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

24 July 2013